IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JEFFREY NEWLON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **WELTMAN, WEINBERG & REIS, CO. L.P.A,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JEFFREY NEWLON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, WELTMAN, WEINBERG & REIS, CO. L.P.A., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.  JEFFREY NEWLON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Waterford, County of Oakland, State of Michigan.

1

5. WELTMAN, WEINBERG & REIS, CO. L.P.A., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is incorporated in the State of Ohio.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Chrysler Financial.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.   ALLEGATIONS

9. In or around March 2009, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff to Chrysler Financial.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. Since its initial communication with Plaintiff, Defendant has initiated multiple calls to Plaintiff in an attempt to collect on the debt allegedly owed by Plaintiff.

12. During the course of its telephone calls to Plaintiff, Defendant has stated that it was calling from a law firm.

13. Upon information and belief, the individual that initiated said calls on behalf of Defendant is not an attorney.

14. Said individual did not state that he was not an attorney.

15. By stating that the call was from a law office and failing to advise Plaintiff that the caller was not an attorney, Defendant implied that the communication was from an attorney, which had the effect of conveying to an unsophisticated consumer that there hade been attorney involvement in the review of the debt allegedly owed by Plaintiff.

16. Said individual did not provide meaningful disclosure of the individual's identity.

17. During the course of its telephone calls, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

18. On or about October 9, 2009, Plaintiff's counsel notified Defendant in writing of its representation of Plaintiff.

19. Despite being so notified, on or about November 9, 2009, Defendant proceeded to mail to Plaintiff a correspondence in an attempt to collect on the debt allegedly owed by Plaintiff.

20. At no time had Plaintiff's counsel failed to respond to a communication from Defendant.

21. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

22. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

23. In its attempts to collect the debt allegedly owed by Plaintiff to Chrysler Financial, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

   b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

   h. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

24. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.     JURY DEMAND

25.     Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JEFFREY NEWLON, by and through his attorneys, respectfully prays for judgment as follows:

    a.     All actual compensatory damages suffered;

    b.     Statutory damages of $1,000.00;

    c.     Plaintiff's attorneys' fees and costs;

    d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JEFFREY NEWLON**

By:     s/ Tammy Hussin
       Attorney for Plaintiff

Dated: March 2, 2010

Tammy Hussin (Bar Number 53449)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (888) 595-9111 (x400)
Facsimile:   (888) 418-1277
E-Mail:   thussin@smithlaw.us